# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Henry Bannister

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

P.O. Marvin Luis  **(SEE ATTACHED, pg.1)**
P.O. Ryan Giuffre
P.O. John Bartek
P.O. Blas Colon
P.O. Thomas Rodriguez
NYPD Commissioner, Deputy Commissioner,
Acting NYPD Supervisor, Leiutenant of
83rd Precient: All are sued in official
& individual capacity, injunctive decla
-tory relief requested.

_(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)_

**18 CV 11546**

## COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes  ☐ No
(check one)

---

## I.      Parties in this complaint:

A.      List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff      Name  Henry Bannister
ID #  113-160-1091
Current Institution  North Infirmary Command (N.I.C.)
Address  1500 Hazen Str.
E. Elmhurst, New York , 11370

B.      List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1      Name  Marvin Luis                          Shield # 16926
Where Currently Employed  NYPD/formally 83rd Precinct
Address  480 Knickerbocker Ave.
BKLYN,New YORK  11221

_Rev. 05/2010_                                    1

(ATTACHMENT TO pg. # 1)

P.O. John Doe

| Defendant No. 2 | Name | Ryan Giuffre | Shield # 05386 |

Where Currently Employed NYPD/formally 83rd Precient

Address 480 Knickerbocker Ave,
BKLYN, New York, 11221

| Defendant No. 3 | Name | John Bartek | Shield # 5694 |

Where Currently Employed NYPD/formally 83rd Precient

Address 480 Knickerbocker Ave,
BKLYN, New York, 11221

| Defendant No. 4 | Name | Blas Colon | Shield # |

Where Currently Employed  NYPD/ formally 83rd Precient

Address 480 Knickerbocker Ave,
BKLYN, New York, 11221

| Defendant No. 5 | Name | Thomas Rodriguez | Shield # |

Where Currently Employed NYPD/formally 83rd Precient

Address 480 Knickerbocker Ave,
BKLYN, New York, 11221

(SEE ATTACHED)

## II.    Statement of Claim:

State as briefly as possible the facts of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
Brooklyn, New York, 11221

B.    Where in the institution did the events giving rise to your claim(s) occur?
996 Willoughby Ave.

C.    What date and approximate time did the events giving rise to your claim(s) occur?
May 24, 2016;  5:00(pm)

(ATTACHMENT TO pg. # 2)

Defendant No. 6    Name: John Doe (Transportation Officer)
                   Where Currently Employed: NYPD/83rd Precient
                   Address: 480 Knickerbocker Ave,
                        BKLYN, New York, 11221

D. Facts: ( see Statement of Facts, contained within Notice of Claim , [Exhibit 1, provided in attachment])

| What happened to you? |
| --- |

| Who did what? |
| --- |

| Was anyone else involved? |
| --- |

| Who else saw what happened? |
| --- |

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Police Misconduct; Abuse of Authority; Conspiracy to Violate Due Process Rights; Sham Prosecution; Fraud; Filing False Affidavit; Perjury; Failure to Properly Investigate; Train, Policy Con -sideration in Arrest Procedure & Prosecution, Brady Violations under 4th, 5th, and 14th Amendmants of the United States Constitution (U.S. Const. Amend. IV, V, XIV).

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____ No **X**



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version: NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence*, you must start legal action to preserve your rights.

TYPE OR PRINT

**I am filing:** (X) On behalf of myself.

( ) On behalf of someone else. If on someone else's behalf, please provide the following information.

Last Name: **Bannister**

First Name: **Henry**

Relationship to the claimant: **-SELF-**

( ) Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

Firm or Last Name:

Firm or First Name:

Address:

Address 2:

City:

State:

Zip Code:

Tax ID:

Phone #:

Email Address:

**Claimant Information**

*Last Name: **Bannister**

*First Name: **Henry**

Address: **1500 Hazen, Str.**

Address 2: **300 Leland, Str. [see - [Attached]**

City: **E. Ejmhurst,**

State: **New York**

Zip Code: **11370**

Country: **U.S.**

Date of Birth: **11/12/66** *Format: MM/DD/YYYY*

Soc. Sec. #

HICN: (Medicare #)

Date of Death: *Format: MM/DD/YYYY*

Phone:

Email Address:

Occupation:

City Employee? ( ) Yes (X) No ( ) NA

Gender (X) Male ( ) Female ( ) Other

NYC COMPTROLLERS SYSTEM
BUR. INFORMATION IMAGING FACILITY
CENTRAL RECEIVED
2018 OCT -2 P 2: 16

*Denotes required field(s).*

*Page 1 of 5*

(Attachment to pg.#1 PICF)

CLAIMANT INFORMATION

ADDRESS 2: apt. #17;
Spartanburg, SC. 29303



**New York City Comptroller**
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident: | May 24,2016 | Format: MM/DD/YYYY

Time of Incident: | 4-5:00 p.m. | Format: HH:MM AM/PM

*Location of Incident:

988- 986 Willoughby, AVE.
BKLYN, N.Y. 11221

| Address: | 480 Knickerbocker Ave. |
| Address 2: | 83rd Precient |
| City: | New York |
| State: | New York |
| Borough: | BKLYN |

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

```
(see, Attached : STATEMENT OF FACTS, 1 -11)
```

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

```
Police Misconduct, Abuse of Authority, Conspiracy to Vio -
late Due Process, Sham Prosecution, False Arrest, Malicio
-us Prosecution, Fraud, Filing False Affidavit, Perjury,
Failure to Properly Investigate, Train, Policy  Considera -
tion in Arrest, Procedure & Prosecution, Brady Violations
under 4th, 5th, and 14th Amendments of the United States
Constitution (U.S. Const. Amend, IV, VI, XIV). Requesting
Punitive Damages to the amount:$1,000,000.
```

* Denotes required field(s).

*Page 2 of 5*

## STATEMENT OF FACTS

On May 24, 2016, while in the process of legally parking on Willoughby Avenue (BKLYN, N.Y.) the Petitioner (Henry Bannister), whom is in the drivers seat of a 2016 Hyundai Santa Fe (Enterprise Rental) with Tennesse license plates (X2617K), along with co-defendant (Tashaun Canty), whom is sitting in the front seat passenger. Looks up to see a un-marked Police Mini Van slowly passing by, looking in the defendants direction, knowing that they (said defendants) were not doing anything wrong, while completing the task at hand which was to make sure not to hit the automobile at his immediate rear. Completing his parking, did the Petitioner look up to see a plain clothes officer (P.O. Luis) running pass the front of his vehicle, acknowledging him to be a Police by the badge swinging from his neck, did said officer proceed to the passenger door of the rental car. After the unprovoked approach by said officer, is the passenger side door aggresively snatched open and the passenger within the vehicle forcefully removed (see, Exhibit 1, People v Duran, 2016 NY Slip Op 50723(U), Decided on May 9, 2016, Supreme Court, Kings County, by presiding part judge, Hon. J. Shillingford.[H1:115-16]). The Petitioner whom is startled by what just accured, failed to notice the officer (P.O. Giuffre) tapping at the drivers side window. Acknowledging said officer, whom is indicaticating for said Petitioner to let down his window. Doing as is requested, do said officer then demandes that the Petitioner turn the car off and hand over his drivers license and registration. Informing said officer that the vehicle in question

being arental and instead of a registration, he had a Rental Cont
-ract. Handing the officer the requested information from the sun
-viser over head, does the Petitioner notice the officer whom was
on the passenger side in the manner before mentioned. Now escorti
-ng the passenger whom is in handcuffs, to a dark un-marked sedan,
sitting approximately ( based on information and belief) 85 feet
before the Petitioners rental vehicle (see,Re-opened Suppression
Hearing, transcripts inwhich Prosecuting A.D.A., Krystyl Tendy,
testifies to, thus making herself a witness to the fact reflected
in the above), the exact location of the fire hydrant soon to be
brought into scope. After placing said newly arrested defendant
inside, then speakeing a few words to the officer therein said ve
-hicle (John Doe) before it pulls away with said defendant in tow,
and officer Luis returnes. It being at that time that the driver
side officer askes the Petitioner if he has anything on his person
or in the vehicle that would cause him harm? To let him know now!
Informing said officer that it was not, does said officer further
instructes the Petitioner to step out of the vehicle. Doing as di-
rected is the Petitioner then pat frisked and the area within the
vehicle inwhich he sat, briefly inspected, either, without incide
-nt (see, Grand Jury Hearing, transcripts, page 8, lines 22-25,
page 9, lines 1 - 6;). The Petitioner is then escorted to the rear
of the Hyundai, where he is furtherinterrogated. It being at that
time that P.O. Luis whom is just returning from placing the passen
-ger of the rental into the un-marked sedan in the manner previous
-ly discussed, whom inters the defendants rental car and begins to
search (this takes place contrary to the testimony reflected in
the above by P.O. Giuffre while at the Grand Jury Hearing, thus



### THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER
#### 1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

Scott M. Stringer

**COMPTROLLER**

Date: October 03, 2018
RE: Defective Service

HENRY BANNISTER
1500 HAZEN ST
E ELMHURST, NY 11370

Dear Claimant:

We regret to inform you that your Notice of Claim is being rejected and returned to you because it was not served upon the City of New York in compliance with the provisions of General Municipal Law 50-e.

General Municipal Law 50-e provides that service of the Notice of Claim must be completed by delivering a copy thereof personally, or by registered or certified mail, to the Office of the Comptroller or the New York City Law Department. Alternatively, proper service can be effectuated by submission of the Notice of Claim through the Office of the Comptroller's website or by service through the New York State Secretary of State.

If you wish to pursue your claim against the City, you may file your Notice of Claim by a proper method of service within 10 days of receipt of this letter.

Thank you.

Very truly yours,

Bureau of Law & Adjustment



**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET ROOM 1200**
**NEW YORK, N.Y. 10007-2341**

WWW.COMPTROLLER.NYC.GOV

015 - 151

Scott M. Stringer
**COMPTROLLER**

Date:           10/31/2018
Claim No:       2018PI028368
RE:             Acknowledgment of Claim
Your Claim/Policy#:

HENRY BANNISTER 113-160-1091
1500 HAZEN ST
E ELMHURST, NY 11370

Dear Claimant:

We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence**.

If you have any questions regarding your claim, you may contact us at 212-669-2478 for claims involving personal injury.

Sincerely,

Bureau of Law & Adjustment



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version: NYC-COMPT-BLA-PI1-M

# Personal Injury Claim Form

Claim must be filed *in person or by registered or certified mail within 90 days of the occurrence* at the NYC Comptroller's Office, 1 Centre Street, Room 1225, New York, New York 10007. It must be *notarized*. If claim is not resolved within *1 year and 90 days of the occurrence,* you must start legal action to preserve your rights.
TYPE OR PRINT

**I am filing:** ⊗ On behalf of myself.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

○ Attorney is filing.

| | |
|---|---|
| Last Name: | Bannister |
| First Name: | Henry |
| Relationship to the claimant: | -SELF- |

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

**Claimant Information**

| | |
|---|---|
| *Last Name: | Bannister |
| *First Name: | Henry |
| Address: | 1500 Hazen, Str. |
| Address 2: | 300 Leland, Str. [see -Attached] |
| City: | E. Ejmhurst, |
| State: | New York |
| Zip Code: | 11370 |
| Country: | U.S. |
| Date of Birth: | 11/12/66   *Format: MM/DD/YYYY* |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: | *Format: MM/DD/YYYY* |
| Phone: | |
| Email Address: | |
| Occupation: | |
| City Employee? | ○ Yes  ⊗ No  ○ NA |
| Gender | ⊗ Male  ○ Female  ○ Other |

***Denotes required field(s).***

*Page 1 of 5*

(Attachment to pg.#1 PICF)


CLAIMANT INFORMATION

ADDRESS 2: apt. #17;
Spartanburg, SC. 29303

## STATEMENT OF FACTS

On May 24, 2016, while in the process of legally parking on Willoughby Avenue (BKLYN, N.Y.) the Petitioner (Henry Bannister), whom is in the drivers seat of a 2016 Hyundai Santa Fe (Enterprise Rental) with Tennesse license plates (X2617K), along with co-defendant (Tashaun Canty), whom is sitting in the front seat passenger, Looks up to see a un-marked Police Mini Van slowly passing by, looking in the defendants direction, knowing that they (said defendants) were not doing anything wrong, while completing the task at hand which was to make sure not to hit the automobile at his immediate rear. Completing his parking, did the Petitioner look up to see a plain clothes officer (P.O. Luis) running pass the front of his vehicle, acknowledging him to be a Police by the badge swinging from his neck, did said officer proceed to the passenger door of the rental car. After the unprovoked approach by said officer, is the passenger side door aggresively snatched open and the passenger within the vehicle forcefully removed (see, Exhibit 1, People v Duran, 2016 NY Slip Op 50723(U), Decided on May 9, 2016, Supreme Court, Kings County, by presiding part judge, Hon. J. Shillingford.[H1:115-16]). The Petitioner whom is startled by what just accured, failed to notice the officer (P.O. Giuffre) tapping at the drivers side window. Acknowledging said officer, whom is indicaticating for said Petitioner to let down his window. Doing as is requested, do said officer then demandes that the Petitioner turn the car off and hand over his drivers license and registration. Informing said officer that the vehicle in question

being arental and instead of a registration, he had a Rental Cont
-ract. Handing the officer the requested information from the sun
-viser over head, does the Petitioner notice the officer whom was
on the passenger side in the manner before mentioned. Now escorti
-ng the passenger whom is in handcuffs, to a dark un-marked sedan,
sitting approximately ( based on information and belief) 85 feet
before the Petitioners rental vehicle (see,Re-opened Suppression
Hearing, transcripts inwhich Prosecuting A.D.A., Krystyl Tendy,
testifies to, thus making herself a witness to the fact reflected
in the above), the exact location of the fire hydrant soon to be
brought into scope. After placing said newly arrested defendant
inside, then speakeing a few words to the officer therein said ve
-hicle (John Doe) before it pulls away with said defendant in tow,
and officer Luis returnes. It being at that time that the driver
side officer askes the Petitioner if he has anything on his person
or in the vehicle that would cause him harm? To let him know now!
Informing said officer that it was not, does said officer further
instructes the Petitioner to step out of the vehicle. Doing as di-
rected is the Petitioner then pat frisked and the area within the
vehicle inwhich he sat, briefly inspected, either, without incide
-nt (see, Grand Jury Hearing, transcripts, page 8, lines 22-25,
page 9, lines 1 - 6;). The Petitioner is then escorted to the rear
of the Hyundai, where he is furtherinterrogated. It being at that
time that P.O. Luis whom is just returning from placing the passen
-ger of the rental into the un-marked sedan in the manner previous
-ly discussed, whom inters the defendants rental car and begins to
search (this takes place contrairy to the testimony reflected in
the above by P.O. Giuffre while at the Grand Jury Hearing, thus

not only is the defendant (Tashaun Canty) already arrested and on his way to the precient, but according to the Grand Jury testimony just illustrated in the above by said officer,the defendants vehicle was already searched without incident. Nonetheless, after 2 - 3 minutes into the search by Officer Luis, after placing the said passenger in-to the transportation vehicle earlier mentioned, does said office call out some sort of coded number to Officer Giuffre whom is speaking to the Petitioner at the rear of the rental car. Upon hearing his partner does the questioning officer immediately spins the Petitioner around and handcuffs him, he is then escorted to the to the un-marked sedan which transported the arrested passenger about 15 minutes earlier,and which must have returned while the Petitioner was speaking with P.O. Giuffre prior to the arrest, it (tranportation Vehicle) being parked at the same location before it left (near fire hydrant). It being at this time while being escorted to the un-marked sedan that the Defend -ants nephew enters the block and notices his uncle under arrest and being taken into custody, and begins to approach. However, said offic -ers noticing this, in their haste to get the defendant into the wait -ing transportation car and off the scene, shoves the Petitioner into said vehicle and in the process locking themselves out. After some several minutes that it took said Petitioner to unlock the doors with his hands cuffed behind his back, is he then tranported to said prec- ient by the uniformed transportation officer. While at the Precient and in the process of being fingerprinted by P.O. Luis, does the defe -ndant askes said officer is the money inside of his luggage bag safe and can he have his sister come to the Precient and pick it up. Obviously, taking (unintentional) offense to the defendants comment an request, does said officer respondes by stating "We don't want

your fucking dope money, after were finish with you, getting that money back would be the least of your problems (see, Exhibit 2 and 3, Property Clerk Invoice, No.# 3000670689, 3000670690, as well as Exhibit 4, Kings County Supreme Court Term (index, no.# 2452/17) Returne To Chatter Claim. After completing the finger printing does the Petitioner request a phone call as is illustrated by a sign on the wall which reflect this as normal procedure after finger-printing has been completed. However, the defendant is instead hand cuffed tightly behind his back and escorted to a section of the precient where he has to climb a steep stair case, which poses a problem for the defendant whom is a bilateral Prohstesis wearer, so instead of going up the stairs like a person with two legs, the defendant had to be led up the stairs by the handcuffs, because of the steep angle of the stairs to keep fromm falling. Completing this task after some five minutes, the defendant is then led to a room where he is read his Miranda Rights before being led back down the said stair case, and placed in a cell with the hancuffs still behind his back. He is left in this position so long until there was no circulation in his hands or arms. It was not until a change of shift, some several hours later, and the defendant in tears that the cuffs were removed.

On May 25, 2016, said defendant is taken to the Kings County Criminal Courthouse (Docket, no.# 2016KN031330), where it is that the Petitioner learns that the passenger of the rental is released after pleading guilty to misdemeanor marijuana possession and is released. However, the Petitioner is chaged with the following:

PL 200.03 Bribery In The Second Degree
PL 200.00 Bribery In The Third Degree
(while at 480 Knickerbocker Ave/83rd Precient)

PL 265.03 (3) Criminal Possession Of A Weapon In The Second Degree
PL 265.02 (1) Criminal Possession Of A Weapon In The Third Degree

PL 265.01-B(1) Criminal Possession Of A Firearm
PL 265.01(1) Criminal Possession Of A Weapon In The Fourth Degree
AC 10-131 (I)(3) Possession Of Pistol Ammunition

he is then remanded to the custody of the Department Of Correctios.

Thenon May 27, 2016, while at the Grand Jury Hearing proceedings, the Petitioner is released on ROR, and is given a stipulation (Altern -ative To Incarceration) that provided he stays out of trouble for six months, the pending charges from the May 24, 2016, arrest would be dismissed. The Petitioner was then given a returne date of December 7, 2016, and released.

On September 29, 2016 said Petitioner is re-arrested based upon un-related subsequent offense (for which he is again ROR'd, on October 4, 2016, and is given a returne date of March 31, 2017),.

However, on October 3, 2016, while already incarcerated for the subsequent offense in the manner previously reflected in the above, while unaware of the events reflected in the following, is the Peti- tioner True Billed indicted by a Kings County Criminal Court Grand Jury (4562/2016), for the prior offense, which is done without allow -ing said Petitioner the opportunity to excersize his statutorial right to testify to testify at said proceeding, as he was given this opportunity at the time he was given the ATI (5-27-16), as reflected above. The newly Grand Jury indicted offenses now reflecting:

PL 265.03 (3) Criminal Possession Of A Weapon In The Second Degre.
Pl 265.01-b(1) Criminal Possession Of A Firearm
PL 265.01 (1) Criminal Possession Of A Weapon In The Fourth Degree
PL 221.05 Unlawful Possession Of Marijuana (Newly Added 10-03-16)

Based upon the defendants information and belief, the indicted offenses reflected in the above being the product of a Grand Jury

(5 of 11)

which founded reasonable suspicion for the arresting officers to app-
roach the defendants vehicle alledgedly for the purpose of inquiring
why the defendants were parked on a fire hydrant, based upon the tes
-timony of testifying officer (P.O. Giuffre) whom rendered the follo
-wing  testimony while under the oath of perjury while at the Oct 3,
2016, Graand Jury proceedings, as is reflected by proceeding part
transcripts (G.H.J., Trans, pg. 7, lines 10 - 18) as depicted in the
following:

Q. While your driving on Willoughby street at that time, what did
you observe?

A. Upon observing a car parked on a fire Hydrant.

Q. We drove past it, We stopped, and went into reverse. We parked
slightly behind the car, let them know that they are parked on a
fire hydrant, which is illegal.

However, based upon information and belief, prior to the testi-
mony of arresting officer given at the Grand Jury proceeding mention
-ed in the above. The earlier accounts of the events leading up to
the arrest of the defendants , as illustrated by the records of both
arresting officers (in which the Petitioner wishes to call into scope
): Felony Complaint, Scratch Sheet, Memo Books, DD5, Grand Jury Syn-
opsis Sheet, KCDA ECAB Sheet, etc., would all fail to indicate and/
or mention the defendants being parked at, on or in the vacinity,
opposite or before 988 or 986 Willoughby Ave. Infact, what those rec
-ords would reflect is continual inconsistentcies and variances in
the officers statements and testimonies, from the inception of the
arrest on to each stage of the following criminal proceedings. For
example:

1) There is the Grand Jury Synopsis Sheet which alleges therein that the defendants are seen sitting in a double parked car.

2) That account however is contradicted by the Grand Jury testimony previously illustrated.

3) Then there is the KCDA ECAB Sheet at paragraph TPO 1, inwhich mentoins that the defendants are see sitting in a parked car (this account is what is conveyed to the screener [Mr. Nurcan Turkman], a officer of the court working out of the BKLYN, D.A.'s office, and whom conducted the telephone interview the day after the arrest May 25, 2016 (see, Exhibit 5).

Next is the marijuana issue, which is used by said officers to establish Probable Cause to search the interior of the defendants rental car (see, G.J.H. Trans, pg. 11, lines 18 - pg. 12, line 20) as reflected in the following manner:

A. As we approach the car, it was smelling like marijuana. So, at that point, we were just talking to both defendants in the vehicle. We asked them to step out of the car; if they had anything in the car we should be aware about for our safety.

At that point, we started our search of the vehicle. I was to Bannister. Officer Luis was talking to Canty. At that point, they brought Canty back to the rear of the vehicle . That's where I brought Bannister, I was talking to both of them at the time.

Q. Now, did you hear anything at the time?

A. Yes. At the time when I was talking to both defendants in the rear of the vehicle, I heard officer Luis say ninety--two, which means put hand cuff's on both defendants.

Q. Did you observe anything in the vehicle?

A. Yes.

(7 of 11)

Q. Why was that?

A. It was a metal object.

at this stage of the Grand Jury proceeding, there is no mention of
marijuana mentioned other then the testifying officer allegedly
smelling it while approaching the defendants vehicle, which had its
windows closed at the time of the approach. However, the defendant
is indicted and the marjuana charge is newly added in the manner
previously illustrated. Nonetheless!

On September 19, 2017, while at the Kings County Supreme Court,
Criminal Term Part (28/29) before presiding part Judge (Hon. C,
Mullen), it is this time, based on the Petitioners information and
belief (and which the defendant wishes to call into scope for evid-
entiary purposes, the transcripts of said proceeding), that testify
-ing arresting officer both render testimony while under the oath
of perjury, that a marijuana cigarett/cigar is observed in plain
view, near, on or in a cup holder, near the center console within
the defendants vehicle,also alleged at this time is a small zip lock
baggy which also contained marijuana, which neither officer at the
time of this hearing can recall where or from which of the defendant
-s said baggy came from. However, and contrairy to the testimony of
the arresting oficers reflected in the above, page 3, of the KCDA -
ECAB Sheet, Property Recovered section, no.# 8 (Exhibit,6), which
would indicate that the alleged marijuana, being recovered by arrest
-ing officer Marvin Luis from the person of said passenger of the
rental car, said officer also vouchers said evidence as well. It is
also revealed while at this hearing that the marijuana alleged to
have been smelled on the outside of the defendants vehicle, is un-

burned. At the conclusion of the Suppression Hearing is both contesting counselors requested by the Court to submit supporting written argument.

On November 1, 2017, does representing defense attorney submitts his Affirmation And Memorandum Of Law In Support Of Motion To Suppress Evidence (see, Exhibit 9), therein arguing amongst many, that not only was the defendant not parked at, on or adjacent to a fire hydrant (neither opposite or before 988 or 986 Willoughby Avenue), but also "given the inconsistencies, evasive, self contradictory nature of the officers hearing testimonies, much of which is manifestly untrue, con -trairy to experience and taylored to nullify constitutional objections, defendants submitted that the Court should reject as incredible and unbelievable."

November 29,2017, 2017, does A.D.A. (Krystyn Tendy) submitts her Affirmation In Support Of Peoples Opposition To Suppress Evidence. Therein, arguing amongst many and obviously overwhelmed by the many in -consistencies within the testimonies of the arresting officers, thus, relies upon one of the many inconsistencies mentioned in the above, to base her argument upon, which is that "the defendants are observed dou -ble parked (see, Grand Jury Synopsis Sheet), testimony which is contr -adicted by the Grand Jury testimony of the arresting officer in the manner previously reflected in the above.

February 14, 2018, while awaiting a decission from the Suppression Court, does representing attorney for the defendant, file with said Court : A Notice Of Motion To ReOpen The Suppression Hearing; based up-

on Newly Discovered Evidence, provided by the defendant whom after
the excersize of his own due dilligence, provided defense counsole
with the exculpatory material (see, Exhibit 10 a,b,c,d),which not
only fatally rebutts the claims alleged by arresting officers whom
while under the oath of perjury, made false accusations within
their Police records regarding the arrest of the defendant, but also
to the A.D.A and following hearings in the manner previously reflect
-ed in the above.

May 23, 2018, (some eight months after the initial Suppression
Hearing being held, and another ninety days after the defendants
Motion to reopen said hearing, which based upon the defendants infor
-mation and belief was approved by the Court, sometime in April) a
City Ordonence was held for the purpose of confirming the actuall
location of the fire hydrant in question. At which time, it is con-
firmed that the location of the fire hydrant is before 973 Willough
-by Avenue and not before and /or opposite 988 Willoughby Avenue, a
distance of over 85 feet (as is confirmed by Prosecuting A.D.A.,
Krystyn Tendy, whom testified to said information, thus, making her-
self a witness to said claim [Note, see, Court records of said pro
-ceeding]) and which confirmed not only the evidence illustrated by
the defendants photo's supplied by Google Earth, but also support-
ing his claim given from the start, that they were never parked at,
on/or in the vacinity of a fire hydrant. And that arresting officers
neverhad reasonable suspicion or probable cause to approach their
vehicle or search them or their property therein. In reference to
said officers earliest claim reflected in their reports that "the
defendants were observed sitting in their vehicle.

Nonetheless, based upon the Petitioners information and belief,
August  2018, said presiding part Judge, Supressed the evidence alleg
-ed within indictmentn no.# 4562/16. Then in:

September  2018, the indictment reflected in the above, was com-
pletely dismissed...

New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident:  `May 24, 2016`   *Format: MM/DD/YYYY*

Time of Incident:  `4-5:00 p.m.`   *Format: HH:MM AM/PM*

*Location of Incident:

`988- 986 Willoughby, AVE.`
`BKLYN, N.Y.  11221`

| | |
|---|---|
| Address: | 480 Knickerbocker Ave. |
| Address 2: | 83rd Precient |
| City: | New York |
| State: | New York |
| Borough: | BKLYN |

*Manner in which claim arose:

Attach extra sheet(s) if more room is needed.

`(see, Attached : STATEMENT OF FACTS, 1 -11)`

The items of damage or injuries claimed are (include dollar amounts):

Attach extra sheet(s) if more room is needed.

Police Misconduct, Abuse of Authority, Conspiracy to Vio - late Due Process, Sham Prosecution, False Arrest, Malicio -us Prosecution, Fraud, Filing False Affidavit, Perjury, Failure to Properly Investigate, Train, Policy  Considera - tion in Arrrest Procedure & Prosecution, Brady Violations under 4th, 5th, and 14th Amendments of the United States Constitution (U.S. Const. Amend, IV, VI, XIV). Requesting Punitive Damages to the amount:$1,000,000.

* Denotes required field(s).



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Medical Information**

| | |
|---|---|
| 1st Treatment Date: | *Format: MM/DD/YYYY* |
| Hospital/Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Date Treated in Emergency Room: | *Format: MM/DD/YYYY* |

Was claimant taken to hospital by an ambulance?   ⚪ Yes   ⚪ No   ⚪ NA

**Employment Information (If claiming lost wages)**

| | |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

**Treating Physician Information**

| | |
|---|---|
| Last Name: | |
| First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

*\* Denotes required field(s).*



New York City Comptroller
Scott M. Stringer

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Witness 1 Information**

| | |
|---|---|
| Last Name: | NYC Police Dept. Head- |
| First Name: | quarters/Commissioner, |
| Address | 1 Police Plaza, |
| Address 2: | |
| City: | New York |
| State: | N.Y. |
| Zip Code: | 10038 |

**Witness 2 Information**

| | |
|---|---|
| Last Name: | NYC Police Dept. Head- |
| First Name: | quarters/Deputy Commiss. |
| Address | |
| Address 2: | 1 Police Plaza, |
| City: | N.Y. |
| State: | New York |
| Zip Code: | 10038 |

**Witness 3 Information**

| | |
|---|---|
| Last Name: | Supervising Leiutenant |
| First Name: | 83rd Precient |
| Address | 480 Knickerbocker,AVE. |
| Address 2: | |
| City: | BKLYN |
| State: | N.Y. |
| Zip Code: | 11221 |

**Witness 4 Information**

| | |
|---|---|
| Last Name: | Giuffre |
| First Name: | Ryan |
| Address | 83rd Precient |
| Address 2: | 480 Knickerbocker, AVE. |
| City: | BKLYN |
| State: | N.Y. |
| Zip Code: | 11221 |

**Witness 5 Information**

| | |
|---|---|
| Last Name: | Rodriguez |
| First Name: | Thomas |
| Address | 83rd Precient |
| Address 2: | 480 Knickerbocker, AVE. |
| City: | BKLYN |
| State: | New York |
| Zip Code: | 11221 |

**Witness 6 Information**

| | |
|---|---|
| Last Name: | Bartek |
| First Name: | John |
| Address | 83rd Precient |
| Address 2: | 480 Knickerbocker, AVE. |
| City: | BKLYN |
| State: | N.Y. |
| Zip Code: | 11221 |

(see, Attachment to pg.#4, PICF)

*Denotes required field(s).*

(ATTACHMENT to pg.#4 PICF)

Witness 7 Information :

COLON

BIAS

83rd Precient

480 Knickerbocker, AVE.

BKLYN

N.Y.

11221

Witness 8 Information :

Hutchinson

Kevin

83rd Precient

480 Knickerbocker, AVE.

BKLYN

N.Y.

11221

Witness 9 Information:

Doe

John

83rd Precient

480 Knickerbocker, AVE



New York City Comptroller
Scott M. Stringer

**Complete if claim involves a NYC vehicle**

**Owner of vehicle claimant was traveling in**

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

**Non-City vehicle driver**

Last Name:
First Name:
Address
Address 2:
City:
State:
Zip Code:

**Insurance Information**

Insurance Company Name:
Address
Address 2:
City:
State:
Zip Code:
Policy #:
Phone #:

**Non-City vehicle information**

Make, Model, Year of Vehicle:
Plate #:
VIN #:

**City vehicle information**

Plate #:

City Driver Last Name:
City Driver First Name:

**Description of claimant:**
- ⊗ Driver
- ○ Passenger
- ○ Pedestrian
- ○ Bicyclist
- ○ Motorcyclist
- ○ Other

---

**\*Total Amount Claimed:** 10000000    *Format: Do not include "$" or ",".*

---

**Date** September 26, 2018

*Signature of Claimant* [signature]

State of New York
County of **BRONX**

I, **Henry Bannister**, being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof; that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Signature of Claimant [signature]

Sworn before me this day ___26___ day ___Sep___ 2018

Signature of notary [signature]
OKON J AKPAN
Notary Public, State of New York
No. 01AK6161518
Qualified in Queens County
Commission Expires February 26, 20___

\* *Denotes required field(s).*

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s)

_____    _____

___    _____    _____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____    No _____    Do Not Know _____

      If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____    No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _X_    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? **While at 1500 Hazen, Str. E. Elmhurst, NY. 11370, North Infirmary Command (NIC)**

      1.    Which claim(s) in this complaint did you grieve? **IV Amendment Constitutional Violations, as well as Unlawful Arrest (see Exhibit 2)**

      2.    What was the result, if any? **That it is not under the purview of Grievance to provide monetaty compensation. Grievant was advised to file a Personal Injury Claim (see Exhibit 2)**

      3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process. **there was no additional steps taken based on that mentioned in the above (see attached). However, the grievance was given a claim number. (see Exhibit 2) in re-ference to the grievance matter. However, the claimant was further advised to file a Personal Injury Claim, which was done (see Exhibit 2)**

F.    If you did not file a grievance:

      1.    If there are any reasons why you did not file a grievance, state them here: _____
      _____
      _____
      _____
      _____

      2.    If you did not file a grievance but informed any officials of your claim, state who you informed,

Exhibit #2

 

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM

**Form: # 7102R**
**Eff.: 09/10/12**
**Ref.: Dir. #3376**

## DISPOSITION FORM

| Grievance/Request Reference #:<br>BANNISTER, HENRY #1131601091 | Date Filed:<br>9/21/18 | Facility:<br>NIC- ANNEX DORM 3 |
|---|---|---|

| Title of Grievance or Request:<br>NON-GRIEVABLE: OTHER TIMELINESS | Category:<br>16 |
|---|---|

From IGRP Inmate Statement Form, print or type short description of request/grievance: GRIEVANT STATES: IT IS THE

CONTENTIONS OF THE PETITIONER REFLECTED IN THE OPENING CAPTAIN OF THIS GRIEVANCE, WHOM

WISHES TO COMMENCE A CIVIL ACTION AGAINST THE NEW YORK CITY POLICE DEPT. (NYPD), 83RD PRECINCT

(480 KNICKERBOCKER AVE, BKLYN, N.Y 11221), ANTI CRIME UNIT. FOR THE FOLLOWING BAD ACTS- PLEASE

SEE ATTACHED

Action Requested by Inmate:   FOR THE PAY OF $50,000,000.00 IN MONETARY DAMAGES TO THE PLAINTIFF, FOR

THE IV AMENDMENT CONSTITUTIONAL VIOLATIONS, AS THE RESULT OF THE UNLAWFUL ARREST, BY NYPD

OFFICERS OF THE 83RD PRECINCT (P.O MARVIN LUIS, P.O RYAN GIUFFRE) AS WELL AS THEIR RESIGNATION

FOR CHARGES OF PERJURY AND ILLEGAL SEARCH AND STOP.

## STEP 1: INFORMAL RESOLUTION

Check one box: ☐ Grievance   ☐ Request   ● Submission not subject to the IGRP process.

The Inmate Grievance and Request Program proposes to informally resolve your grievance or request as follows below.
Alternatively, IGRP staff shall provide an explanation for why the submission is not subject to the IGRP process.

ON 9/24/18 GRIEVANT WAS INFORMED THAT IT IS NOT UNDER THE PURVIEW OF GRIEVANCE TO PROVIDE

MONETARY COMPENSATION. GRIEVANT WAS ADVISED TO FILE A PERSONAL INJURY CLAIM (CLAIM FORM WAS

PROVIDED).

Are you satisfied with the proposed resolution?

☐ Yes, I accept the resolution. ☐ No

I request a formal hearing of the Inmate Grievance Resolution Committee within 5 business days from notification of the
proposed resolution. I understand that if my submission involves a request to exercise religious beliefs or practices not
currently available, then the Committee on Religious Accommodations will review my request

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date:<br>9/24/18 |
|---|---|---|---|



# CITY OF NEW YORK - DEPARTMENT OF CORRECTION

## INMATE GRIEVANCE AND REQUEST PROGRAM

### DISPOSITION FORM          Attachment - C



Form: # 7102R
Eff.: 09/10/12
Ref.: Dir. #3376

If this is a submission not subject to IGRP process, DOC Grievance Supervisor must choose its category and write down the next steps for the inmate.

☐ Staff-on-inmate non-sexual assault (use of force) allegation
☐ Staff-on-inmate sexual assault/abuse allegation
☐ Staff-on-inmate non-sexual harassment
☐ Inmate-on-inmate non-sexual assault allegation
☐ Inmate-on-inmate sexual assault/abuse allegation
☐ Inmate-on-inmate non-sexual harassment allegation
☐ Status as an intended contraband recipient, enhanced restraint, Red ID, or centrally monitored case inmate

☐ Medical staff, e.g., complaints regarding quality of care, request for second medical opinion
☐ Mental health staff, e.g., complaints regarding quality of care, request for second medical opinion
☐ Request for protective custody (fear for safety)
☐ Request for accommodation due to disability
☐ Inmate disciplinary process and dispositions
☐ Freedom of Infomation law request
☑ Other

| Next steps: | Date of Deadline for Status Update from Relevant Entity: |
|---|---|

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: 9/24/18 |
|---|---|---|---|

## STEP 2: FORMAL HEARING OF INMATE GRIEVANCE RESOLUTION COMMITTEE

Formal Hearing Disposition: _____

_____

_____

_____

_____

_____

_____

_____

Date returned to inmate: _____     IGRC Members Signatures: _____

_____

_____

Please decide within five business days of receipt whether to appeal (Check one box below.)

☐ Yes, I agree with the IGRC hearing disposition.

☐ No, I disagree with the IGRC hearing disposition and seek to appeal to the Commanding Officer.

| Inmate's Signature: | Date: | Grievance Supervisor's Signature: | Date: |
|---|---|---|---|

## STEP 3: APPEAL TO THE COMMANDING OFFICER

Grievance Supervisor must check only one box below.

☐ Grievance forwarded to the Commanding Officer for action upon IGRC recommendation.

☐ Grievance not forwarded to the Commanding Officer (explain):

| Grievance Supervisor's Signature: | Date: |
|---|---|

Form: #7101R, Eff: 09/10/12, Ref.: Dir. #3376 - page 1

City of New York - Department of Correction

# INMATE GRIEVANCE AND
# REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: Henry Bannister | Book & Case #: 113-160-1091 | NYSID # (if applicable): 04982239P |
|---|---|---|
| Facility: NIC | Housing Area: D3 | Date of Incident: May 24, 2016 | Date Submitted: 9/19/18 |

All grievances and requests must be submitted within ten business days after the incident occurred, unless the condition or issue is in question. If a grievance is filed, the grievance or request must personally prepare this statement. Upon collection by hand, an IGRP staff person shall time-stamp and issue it a grievance/request reference number. IGRP staff shall provide the inmate who signed the grievance a record of receipt within two business days of receiving it.

Request or Grievance:
## It is the contentions of the Petitioner reflected in the opening caption of this Grievance, whom wishes to commence a civil action against the New York City Police Dept (NYPD), 83rd Precient (480 Knickerbocker Ave, BKLYN, N.Y., 11221), Anti Crime Unit. for the following bad acts- please see attached

Action Requested by Inmate:
## For the payment of $50,000,000.00 in monetary damages to the plaintiff, for the IV Amendment Constitutional violations, as the result of the unlawful arrest, by NYPD officers of the 83rd Precient (P.O. marvin Luis; P.O. Ryan Giuffre) as well as their resignation for charges of perjury and illegal search and stop

Please read below and check the correct box:

| | | Yes | | No |
|---|---|---|---|---|
| Do you agree to have your statement edited for clarification by IGRP staff? | | | | |
| Do you need the IGRP staff to write the grievance or request for you? | | | | |
| Have you filed this grievance or request with a court or other agency? | | | | |
| Did you require the assistance of an interpreter? | | | | |

Inmate's Signature: _Henry Bannister_     Date of Signature: 9/19/18

## For DOC Office Use Only
IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

Time Stamp Below:

2018 SEP 21 P 3

| Grievance and Request Reference #: | Category: |
|---|---|
| NIC/18 #153138 | Other/ 16-Timeliness |

Inmate Grievance and Request Program Staff's Signature: _Anant_

when and how, and their response, if any:_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative
     remedies.  A Personal Injury Claim, was filed with NYC Comptrollers
     Office, and given a Claim No: 2018PI028368   (see Exhibit 2)
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your
       administrative remedies.

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you
are seeking and the basis for such amount).  The Plaintiff is requesting that Criminal
Misdemeanor charges be formally filed against the arresting officers
(P.O. Marvin Luis, Ryan Giuffre) at the Kings County Criminal Court-
house and charged with perjury,based upon their false testimony re-
flected within  their felony complaint, police records and Court pro
-ceedings.
Also does the Plaintiff request Punitive Damages to the amount of:
$ 1,000,000.00
_____
_____
_____
_____
_____
_____
_____
_____

VI.    Previous lawsuits:

On
these       A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
claims           action?

          Yes  X   No  ____

B.   If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _Henry Bannister_____

   Defendants _P.O. Marvin Luis, P.O. Ryan Giuffre_____

   2.   Court (if federal court, name the district; if state court, name the county) _Kings County Supreme Court (Civil Term)___

   3.   Docket or Index number _2452/17_____

   4.   Name of Judge assigned to your case _____

   5.   Approximate date of filing lawsuit _September 8, 2017 (see Exhibits # 3,4,)

   6.   Is the case still pending?  Yes _X_  No ____

        If NO, give the approximate date of disposition _____

   7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
        _____
        _____

---

| On other claims |

C.   Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

   Yes ____   No _X_

D.   If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.   Parties to the previous lawsuit:

   Plaintiff _____

   Defendants _____

   2.   Court (if federal court, name the district; if state court, name the county) _____
        _____

   3.   Docket or Index number _____

   4.   Name of Judge assigned to your case _____

   5.   Approximate date of filing lawsuit _____

   6.   Is the case still pending?  Yes ____  No ____

        If NO, give the approximate date of disposition _____

   7.   What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
        _____

*Rev. 05/2010*                                6

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840 (7/2012)

_Supreme_ COURT, COUNTY OF _King_

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| Index No: **2452/17** Date Index Issued: **9/1/17** | Judge Assigned |
| | RJI Date |

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

HENRY BANNISTER

Plaintiff(s)/Petitioner(s)

2017 SEP -8 AM 11:28
KINGS COUNTY CLERK
FILED

-against-

CITY OF NEW YORK POLICE DEPARTMENT, 83rd
PRECINCT and THE DISTRICT ATTORNEY'S
OFFICE, KINGS COUNTY

REDUCED FEE

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:  Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ☐ Contested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the **MATRIMONIAL RJI Addendum**. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ☐ Asbestos
- ☐ Breast Implant
- ☐ Environmental: _____
  (specify)
- ☐ Medical, Dental, or Podiatric Malpractice
- ☐ Motor Vehicle
- ☐ Products Liability: _____
  (specify)
- ☐ Other Negligence: _____
  (specify)
- ☐ Other Professional Malpractice: _____
  (specify)
- ☐ Other Tort: _____
  (specify)

**COMMERCIAL**
- ☐ Business Entity (including corporations, partnerships, LLCs, etc.)
- ☐ Contract
- ☐ Insurance (where insurer is a party, except arbitration)
- ☐ UCC (including sales, negotiable instruments)
- ☐ Other Commercial: _____
  (specify)
  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the **COMMERCIAL DIV RJI Addendum.**

**REAL PROPERTY:** How many properties does the application include? ____
- ☐ Condemnation
- ☐ Mortgage Foreclosure (specify) ☐ Residential ☐ Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the **FORECLOSURE RJI Addendum.**
- ☐ Tax Certiorari - Section: ✓ Block: ____ Lot: ____
- ☐ Tax Foreclosure
- ☐ Other Real Property: _____
  (specify)

**OTHER MATTERS**
- ☐ Certificate of Incorporation/Dissolution  [see **NOTE** under Commercial]
- ☐ Emergency Medical Treatment
- ☐ Habeas Corpus
- ☐ Local Court Appeal
- ☐ Mechanic's Lien
- ☐ Name Change
- ☐ Pistol Permit Revocation Hearing
- ☐ Sale or Finance of Religious/Not-for-Profit Property
- ☒ Other: CPLR Art. 13 and CPLR 7101
  (specify)

**SPECIAL PROCEEDINGS**
- ☐ CPLR Article 75 (Arbitration)  [see **NOTE** under Commercial]
- ☐ CPLR Article 78 (Body or Officer)
- ☐ Election Law
- ☐ MHL Article 9.60 (Kendra's Law)
- ☐ MHL Article 10 (Sex Offender Confinement-Initial)
- ☐ MHL Article 10 (Sex Offender Confinement-Review)
- ☐ MHL Article 81 (Guardianship)
- ☐ Other Mental Hygiene: _____
  (specify)
- ☐ Other Special Proceeding: _____

## STATUS OF ACTION OR PROCEEDING:  Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ☐ | ☒ | If yes, date filed: ___/___/___ |
| Has a summons and complaint or summons w/notice been served? | ☐ | ☒ | If yes, date served: ___/___/___ |
| Is this action/proceeding being filed post-judgment? | ☐ | ☐ | If yes, judgment date: ___/___/___ |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM PART
-----------------------------------------x

HENRY BANNISTER,

                Plaintiff,

      -against-               **SUMMONS**

CITY OF NEW YORK POLICE DEPARTMENT, 83rd   Index No. <u>2452/17</u>
PRECINCT AND THE DISTRICT ATTORNEY'S
OFFICE, KINGS COUNTY

                Defendant(s).

-----------------------------------------x

To the above-named defendant(s):

    You are hereby summoned and required to serve upon Plaintiff's

attorney an answer to the complaint in this action within twenty

days after the service of this summons, exclusive of the day of

service, or within thirty days after service is complete if this

summons is not personally delivered to you within the State of

New York.  In case of your failure to answer, judgment will be taken

against you by default for the relief demanded in the complaint.

    The basis of the venue designated is that the action arose

in the confines of Kings County.

Dated: <u>MAY 2#, 2016</u>

                        Henry Bannister 713-16-01091
                        Plaintiff Pro se
                        1500 Hazen Street
                        East Elmhurst, New York 11370

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM PART
-------------------------------------------x

HENRY BANNISTER,

                   Plaintiff,

         -against-

CITY OF NEW YORK POLICE DEPARTMENT, 83rd
PRECINCT and THE DISTRICT ATTORNEY'S
OFFICE, KINGS COUNTY,

                Defendant(s).

-------------------------------------------x

**COMPLAINT PURSUANT
TO C.P.L.R. 7101**

**Index No. 2452/17**

Plaintiff, Henry Bannister, proceeding **Pro se**, complaining of the
defendant, alleges:

1.    At the time of commencement of the above-entitled action, and
at all times hereinafter mentioned, plaintiff was and still is the
owner and is entitled to the immediate possession of chattel in the
form of U.S. Currency.

2.    The value of the aforesaid chattel is $ 22,091.00 (Twenty-two
Thousand and Ninety-one Dollars Zero Cents).

3.    On 05/25/2016, the defendant wrongfully took the aforesaid
chattel from the plaintiff and has ever since wrongfully detained
it and and still detains it as follows: upon a claim of "forfeit-
ure" as "proceeds of narcotics trafficking", a crime for which Plain-
tiff has not been charged. (See, **NYPDPETS**, Property Clerk Invoice(s)
attached hereto and marked **EXHIBIT(S) A & B**) That moreover, said
forfeiture is not of the type authorized by **CPLR art 13**. (See, CPLR
**§§ 1310[4-b]; 1311[1]**).

4.    By reason of such wrongful taking and detention, the plaint-
iff has sustained damages in the amount of $ 22,091.00 (Twenty-two
Thousand, Ninety-one Dollars and Zero Cents).

COMPLAINT CPLR § 7101 Cont.


(2)


    **WHEREFORE**, plaintiff demands judgment against defendant(s) adjudging that plaintiff is the owner and is entitled to the immediate possession of the aforesaid chattel and thatthe chattel be delivered to the plaintiff and in case possession thereof cannot be given to the plaintiff, that plaintiff has judgment against the defendant for the sum of **$22,091.00** with interest thereon from the **25th day of May, 2016 (05/25/16),** and for such other and further relief as may be just and proper together with costs and disbursements of this action.

               Henry Bannister # 113-16-01091
               Plaintiff/Pro se
               N.I.C.
               1500 Hazen Street
               East Elmhurst, New York 11370

NYPDPETS
Property Clerk Invoice
Invoice No. 3000670689

( EXHIBIT "A" )

Dated: 05/25/2016

Fax:7185741823          May 25 2016 11:08am          P024

 

# NYPD**PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
## Property Clerk Invoice
PD 521-141(Rev. 11/09)

**Invoice No. 3000670689**

| | | | | | | |
|---|---|---|---|---|---|---|
| Invoicing Command | | | | | Invoice Status | **OPEN** |
| **83RD PCT.** | | | | | | |
| Invoice Date | | Property Type | | | Property Category | |
| **05/25/2016** | | **CURRENCY** | | | **FORFEITURE** | |

| Officers | Rank | Name | Tax No. | Command | | | |
|---|---|---|---|---|---|---|---|
| Invoicing | POM | LUIS, MARVIN | 950787 | 83RD PRECINCT | OCME. EU No | | |
| Arresting | POM | GIUFFRE, RYAN | 949032 | 83RD PRECINCT | OCME. FB No. | | |
| Investigating | N/A | | | | Police Lab Evid. Ctrl. No | | |
| Det Squad Supervisor | N/A | | | | Det Sqd. Case No. | N/A | |
| CSU/ECT Processing | N/A | | | | CSU/ECT Run No. | N/A | |

| Item | Total QTY | Article(s) | | Cash | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|---|
| 1 | 20 | CASH | USC $100 BILL | 2000.00 | 42976374 | 20 | |
| 2 | 2 | CASH | USC $50 BILL | 100.00 | 42976374 | 2 | |
| 3 | 895 | CASH | USC $20 BILL | 17900.00 | 42976374 | 895 | |
| | | Total Cash Value | | 20000.00 | | | |

**REMARKS:**
950787 05/25/2016 04:30 : ABOVE USC TO BE PROCEEDS OF NARCOTICS TRAFFICKING. LOG NUMBER 16-0968
950787 05/25/2016 04:37 : ABOVE USC TO BE PROCEEDS OF NARCOTICS TRAFFICKING. LOG # 16-0968

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | Receipt |
|---|---|---|---|---|---|
| 05/24/2016 | 26502/CRIM POSS WEAPON | FELONY | N/A | | REFUSED |

| Prisoner(s) Name | | D.O.B | Age | Address | Arrest No./Summons No. | NYSID No |
|---|---|---|---|---|---|---|
| 1 | BANNISTER, HENRY | 11/12/1966 | 49 | 169 HIDDEN HILL ROAD, SPARTANBURG, SC | K16638615 | 04982239P |
| 2 | CANTY, TYSHAUN | 12/27/1991 | 24 | 606 CARLIE CAMBLE LANE, SPARTANBURG, SC | K16638625 | 13479919Y |

| | Name | Tax No. | Address | Phone No |
|---|---|---|---|---|
| Finder(s) | | | | |
| Owner(s) | BANNISTER, HENRY | | 169 HIDDEN HILL ROAD, SPARTANBURG, SC | |
| Complainant(s) | PSNY | | | |

| | | |
|---|---|---|
| Complaint No. | 2016-083-03235 | |
| Related Comp No.(s) | 2016-083-03239 | |
| Aided/Accident No.(s) | N/A | |
| Related Invoice(s) | N/A | |



**Invoice No. 3000670689**

**Arresting Officer Copy**
printed: 05/25/2016 04:38

PCD Storage No. --

Page No 1 of 2

HENRY BANNISTER 4562/2016. 33

NYPDPETS
Property Clerk Invoice
Invoice No. 3000670690

( EXHIBIT "A" )

Dated: 05/25/2016

Fax: 7185741823          May. 25 2016 11:07am          P018



**NYPD PETS** PROPERTY and EVIDENCE TRACKING SYSTEM
Property Clerk Invoice
PD 521-141(Rev. 11/09)



Invoice No **3000670690**

Invoice Status
**OPEN**

Property Category
**FORFEITURE**

| Invoicing Command | | 83RD PCT. | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Property Type | | | CURRENCY | | | | | |
| Invoice Date | | 05/25/2016 | | Tax No. | Command | | | |
| Officers | Rank | Name | | 949032 | 83RD PRECINCT | OCME. EU No. | | |
| Invoicing | POM | GIUFFRE, RYAN | | 949032 | 83RD PRECINCT | OCME. FB No. | | |
| Arresting | POM | GIUFFRE, RYAN | | | | Police Lab Evd Ctrl. No | | |
| Investigating | N/A | | | | | Det Sqd Case No | | N/A |
| Del Squad Supervisor | N/A | | | | | CSU/ECT Run No. | | N/A |
| CSU/ECT Processing | N/A | | | | | | | |

| | | | | Cash | PETS No. | Pkg. QTY | Disposition |
|---|---|---|---|---|---|---|---|
| | | | | 1.00 | 43411856 | 1 | |
| Item | Total QTY | Article(s) | | | | | |
| 1 | | CASH | USC $1 BILL | 1600.00 | 43411856 | 16 | |
| 2 | 16 | CASH | USC $100 BILL | 300.00 | 43411856 | 6 | |
| 3 | 6 | CASH | USC $50 BILL | 10.00 | 43411856 | 2 | |
| 4 | 2 | CASH | USC $5 BILL | 180.00 | 43411856 | 9 | |
| 5 | 9 | CASH | USC $20 BILL | | | | |
| | | | Total Cash Value | 2091.00 | | | |

**REMARKS:** 949032 05/25/2016 04:36 : ABOVE USC IS PROCEEDS OF NARCOTICS TRAFFICKING LOG NUMBER 16-0968

Receipt
**REFUSED**

| Date Of Incident | Penal Code/Description | Crime Classification | Related To | | |
|---|---|---|---|---|---|
| 05/24/2016 | 26502/CRIM POSS WEAPON | FELONY | N/A | | Arrest No./Summons No. | HYSID No. |

| | | | | | | 04982239P |
| Prisoner(s) Name | | D.O.B | Age | Address | | 13497919Y |
|---|---|---|---|---|---|---|
| 1 | BANNISTER, HENRY | 11/12/1966 | 49 | 169 HIDDEN HILL ROAD, SPARTANBURG, SC | K16638615 | |
| 2 | CANTY, TYSHAUN | 12/27/1991 | 24 | 606 CARLIE CAMBLE LANE, SPARTANBURG, SC | K16638625 | |

| | Name | Tax No. | Address | | Phone No |
|---|---|---|---|---|---|
| | | | 169 HIDDEN HILL ROAD, SPARTANBURG, SC | | |
| Finder(s) | BANNISTER, HENRY | | | | |
| Owner(s) | | | | | |
| Complainant(s) | PSNY | | | | |

| Complaint No. | 2016-083-03235 |
|---|---|
| Related Comp No.(s) | N/A |
| Aided/Accident No.(s) | N/A |
| Related Invoice(s) | N/A |

PCD Storage No. ―



Invoice No. **3000670690**

**Arresting Officer Copy**
printed: 05/25/2016 04:44

Page No 1 of 2

HENRY BANNISTER 4562/2016 27

## VERIFICATION

**I HENRY BANNISTER** _____, being duly sworn, deposes and

says:

        I am the ~~**Plaintiff**~~ XXXXXXXXXX. I have read the foregoing ~~**Complaint**~~ XXXXXX and

know the contents thereof. The same are true to my knowledge,

except as to matters therein stated to be alleged on information

and belief and as to those matters I believe them to be true. To

the best of my knowledge, information and belief, formed after an

inquiry reasonable under the circumstances, the presentation of

these papers or the contentions therein are not frivolous as

defined in subsection (c) of section 130-1.1 of the Rules of the

Chief Administrator (22 NYCRR).

                                                     **[SIGNED]**

                                          Henry Bannister **[TYPED]**

                                          # 113-16-01091

Sworn to before me this

10th day of June, 20 17.

Notary Public AKON AKPAN
Notary Public, State of New York
No.01AK6161518
Qualified in Queens County
Commission Expires February 26, 20 19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM PART
------------------------------------------x

HENRY BANNISTER,

                    Plaintiff,

        -against-

CITY OF NEW YORK POLICE DEPARTMENT, 83rd
PRECINCT and THE DISTRICT ATTORNEY'S
OFFICE, KINGS COUNTY,

                   Defendant(s).

------------------------------------------x

**AFFIDAVIT IN SUPPORT
OF MOTION FOR
PERMISSION TO PROCEED
AS A POOR PERSON**

Index No. __2452/17__

STATE OF NEW YORK  )
                )ss.:
COUNTY OF THE BRONX )

    Henry Bannister, being duly sworn, deposes and says:

1.   I reside at the North Infirmary Command, 1500 Hazen Street, East Elmhurst, New York 11370, County of the Bronx, City of Queens, State of New York.

2.   I am presently confined on Riker's Island under the care, custody and control of the City of New York Corrections Department receiving only no more than $ 28.00 per week from my inmate job assignment.  That I have only $ 88.00 at the time of this application.

3.   I am unable to pay the costs, fees, and expenses necessary to prosecute the action herein after proposed.

4.   I intend to commence an action against the **City of New York Police Department, 83rd Precinct (Property Clerk) and The District Attorney's Office of Kings County,** in the nature of "Return of Chattel" Complaint pursuant to CPLR § 1701 and 1702.

5.   That on **05/25/2016,** the Defendant(s) wrongfully took, confiscated, and wrongfully detained and still detains "chattel" in the form of United States Currency in the amount of $ 22,091.00 upon

AFFIDAVIT, POOR PERSON Cont.

(2)

a claim of "forefeiture" as "proceeds of narcotics trafficking"
for which your affiant has not been charged and for which, the
crime that this affiant is charged is not of the type authorized
for forefeiture by CPLR art 13. (See, CPLR §§ 1310[4-b]; 1311[1]).

6. No previous application for the relief herein prayed for has
been made.

WHEREFORE, deponent respectfully asks for an order pursuant
to C.P.L.R. 1101 granting him permission to proceed as a poor
person in an action against the **City of New York Police Department
83rd Precinct** and the **District Attorney's Office of Kings County**
for **judgment** pursuant to CPLR §§ 1701 and 1702, in the nature of
**"Return of Chattel"** and permitting him to do so Pro se in personam
for the prosecution of that action, or in the alternative, assign-
ing counsel for the same.

Henry Bannister # 113-18-01091
Plaintiff Pro se
North Infirmary Command
1500 Hazen Street
East Elmhurst, New York  11370

Sworn to before me this
10 day of June, 2017.

Notary Public
OKON S AKPAN
Notary Public, State of New York
No. 01AK6161518
Qualified in Queens County
Commission Expires February 26, 2019

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK)

               ss:

COUNTY OF __KINGS__ )

__Henry Bannister_____, being duly sworn, deposes and says:

That I have on this ___18th__. day of __September_____, 20_17_, placed and submitted

in the postal receptacle in the New York City Correctional Facility known as __North Infirmary__

__Command, 1500 Hazen Street, East Elmhurst, NY 11370__ a ~~NOTICE OF~~

__SUMMONS AND COMPLAINT__,Pursuant to CPLR ART.13 and ART. 71_____, to be duly mailed via

the United States Postal Service to the following parties in the above action:


__(A.D.A.) Ms Krystyn Tendy__
__District Attorney's Office__
__Kings County__
__350 Jay street__
BKLYN, NY., 11201 - 2908

__83rd Precient (Property Clerk)__
__480 Knickerbocker Ave.__
BKLYN, NY., 11221


__N.Y.P.D. (Property Clerk)__
__Kings County__
__11 York str.,__
BKLYN, NY., 11201


__SUPREME COURT/KINGS COUNTY__
__CIVIL PART TERM__
__320 Jay str__
__BKLYN, NY, 11201__

Harold C. Baker (18B)
32 court str.,
(suite 507)
BKLYN, NY, 11201


Respectfully submitted,

_Henry Bannister_

Sworn to before me this

___ day of _Septe_____, 20_17_

NOTARY PUBLIC    _OKON J AKPAN_

OKON J AKPAN
Notary Public, State of New York
No.01AK6161518
Qualified in Queens County
Commission Expires February 26, 20_19_

At IAS Part 72 of the Supreme Court of the
State of New York, held in and for the
County of Kings at the Courthouse thereof,
360 Adams Street, Brooklyn, New York, on
the_____ day of _____, 20____

PRESENT: HON. _____
             Justice of the Supreme Court

**ORDER**

**Inmate Reduced Filing Fee
Application CPLR 1101 (f)**

**Henry Bannister**
*[Fill in Name(s)]*

           *Petitioner(s) / Plaintiff(s)*

Index # **2452 / 17**

-against-

**City of New York Police Department
83rd Precinct and the District Attorney's Office,
Kings County**
*[Fill in Name(s)]*

          *Respondent(s) / Defendants(s)*

DIN # **113-16-01091**

ORI # NY023015J

Nature of action/proceeding: **Civil action**

Upon the reading and filing of the affidavit dated **8 5 20** pursuant to CPLR 1101(f) requesting a

reduced filing fee made by inmate, **Henry Bannister** who being a

federal /state /local inmate under sentence for conviction of a crime and having made application pursuant

CPLR 1101 poor person status in the above captioned action/proceeding it is:

**ORDERED**, that the application is:

☐   **DENIED** and, as required by section 1101 of the CPLR, all applicable filing fees in the

     action/proceeding must be paid within 120 days of the date of this Order, or else the action/proceeding

     shall be deemed dismissed without further order of the Court and if the inmate fails to do so the Clerk of

     the Court is directed to close the file without further judicial action.

☑   **GRANTED** and, the applicant/inmate is directed to pay a reduced filing fee of $ **15** and he or

     she shall be liable for no other fees in the action/proceeding before this Court unless a recovery by

     judgment or by settlement is had in his or her favor in which event the Court may direct him or her to

     pay out of the recovery all or part of such fees as are hereby forgiven.

KINGS COUNTY CLERK RECEIVED 2017 SEP -8 AM 11:08

**ORDERED**, that:

☐   The Court having found that the applicant/inmate can reasonably afford same, the applicant/inmate IS REQUIRED to make an initial payment of $_____ *0*_____ of the reduced filing fee required hereunder; and that, once such initial payment is fully received by the Court, the amount of the difference between such initial payment and the reduced filing fee required hereunder, or $_____ , shall be assessed as an outstanding obligation of the applicant/inmate and reported to the Superintendent or other public official in charge of the facility where the applicant/inmate is confined, who shall collect such amount from the applicant/inmate in the same manner as mandatory surcharges are collected pursuant to section 60.35(5) of the Penal Law.

☑   The Court having found that exceptional circumstances render the applicant/inmate unable to pay any filing fee at this time, the applicant/inmate IS NOT REQUIRED to make any initial payment to the Court of a portion of the reduced filing fee required hereunder; and that the full amount of the filing fee required hereunder, or $___15.00___ , shall be reported to the Superintendent or other public official in charge of the facility where the applicant/inmate is confined, who shall collect such amount from the applicant/inmate in the same manner as mandatory surcharges are collected pursuant to section 60.35(5) of the Penal Law.

☐   _____

_____

_____

_____

ENTER

HON. ELLEN M. SPODEK

_____
JSC

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 23 day of November , 20 18

| | |
|---|---|
| Signature of Plaintiff | Henry·Bannister |
| Inmate Number | 113-16-01091 |
| Institution Address | North Infirmary Command (N.I.C., |
| | annex); secondary address: 300 |
| | Leland, Str., (apt.# 17), |
| | Spartanburg, SC. 29303 |

**Note**: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 23 day of Nov , 20 18 I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:

# AFFIDAVIT OF SERVICE

RECEIVED
ARMY DOCKET UNIT
2018 DEC 10 PH 4: 08

STATE OF NEW YORK)

               **ss:**

COUNTY OF **Bronx** )

_____ **Henry Bannister** _____, being duly sworn, deposes and says:

That I have on this __**23rd**__. day of __**November**_____, 201**8**, placed and submitted

in the postal receptacle in the New York City Correctional Facility known as **North Infirmary**

**Command, 1500 Hazen Street, East Elmhurst, NY 11370** a Notice of

_**COMPLAINT under the Civil Rights Act, 42 U.S.C.§**_ **1983**, to be duly mailed via

the United States Postal Service to the following parties in the above action:

```
P.O. Marvin Luis
P.O. Ryan Giuffre
P.O. John Bartek
P.O. Bias Colon
P.O. Thomas Rodriguez
P.O. John Doe
NYPD Commissioner
Deputy Commissioner
Acting NYPD Supervisor
Leiutenant of 83rd Precient:
All mentioned in the above
are being sued in official &
individual capacity (Injunctive
declatory relief requested).
```

Respectfully submitted,

Sworn to before me this

___ day of _November, 2018_

NOTARY PUBLIC

OKON J AKPAN
Notary Public, State of New York
No.01AK6161518
Qualified in Queens County
Commission Expires February 26, 20**19**

# APPENDIX
## OF CONTENTS

1. Missive to Pro se, Clerk of Court, dated 11-22-18

2. UNITED STATES DISTRICTCOURT/SOUTHERN DISTRICT OF NEW YORK/Prisoner Authorization and Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (Prisoner Complaint), pages 1-7, (attachments to pages 1,2,).

3. Page 3, initiall Statement of Facts, filed with the City of New York Office of The Comptroller, which illustrates only the date and time, and which was followed with a letter from the Office of the Comptroller, send to the complaintant dated 10-03-18, for defective service. However, after the complaintant received said Office reply did said complaintant correct the mistake by providing said office with a certified copy of his cmplaint, which was then excepted by Office of the Comptroller and given a Claim No:, and dated 10-31-18.

4. Page 4, is followed by Exhibit 2, evidence provided in support of claim. (Department Of Correction/Grievanc, dated 9-24-18).

5. Page 6, section (B), is followed by Exhibits 3,4,

6. Next, the Civil Action is followed by the Complaintants Application For The Court To Request Pro Bono Counsel, as well as a attachment to page 1 (A) (B).

7. Is a notarized Affidavit Of Service.



RECEIVED INTT
SDNY DOCK NIT
'18 DEC 10 PM 4:08

Mr. Henry Bannister
DIN. NO.# 13-A50-1091/03
NIC
1500 Hazen Str.
E. Elmhurst, N.Y.
.11370

USMP3
SDNY

Pro se

Clerk Of Court
United States District Court
Southern District
500 Pearl Street
New York, N.Y., 10007

1.000

10007-1316

7018 0680 0001 7326 6517

U.S. POSTAGE PAID
EAST ELMHURST, NY
DEC 07 '18
AMOUNT

$9.30

R2305K13Q667-14



CERTIFIED MAIL