FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 23 2018 ★
BROOKLYN OFFICE
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
HENRY BANNISTER,

                Plaintiff,

- against -

P.O. MARVIN LUIS, Shield No: 16926;
RYAN GIUFFRE, Shield No: 05386;
POLICE OFFICER JOHN BARTEK, Shield
No: 5694; THOMAS RODRIGUEZ; BLAS
COLON; NYPD COMMISSIONER; DEPUTY
COMMISSIONER; ACTING NYPD
SUPERVISOR LIEUTENANT OF 83RD
PRECINCT; and JOHN DOE POLICE
OFFICER (Transportation Officer), in their
Official & Individual Capacities.

                Defendants.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

18-cv-7285 (BMC)(TS)

**COGAN, District Judge.**

Plaintiff *pro se*, who is currently incarcerated at Rikers Island, brings this action against the police officers who were involved in a 2016 incident in Brooklyn. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, the supervisory officials and non-participant police officer defendants are dismissed, but the complaint may proceed against the defendant police officers who plaintiff claims participated in the incident at issue.

## BACKGROUND

On May 24, 2016, plaintiff was attempting to park a rental car at a curb on Willoughby Avenue in Brooklyn when police officers Marvin Luis and Ryan Giuffre approached his vehicle. Officer Luis pulled plaintiff's passenger, Tashaun Canty, from the vehicle and placed Canty in

an unmarked vehicle driven by another police officer, who plaintiff identifies as John Doe (Transportation Officer). The officers searched the car, then arrested plaintiff and placed him in the unmarked vehicle. It appears that as plaintiff's nephew approached them, the officers "shove[d] [plaintiff] into said vehicle and in the process lock[ed] themselves out."

John Doe (Transportation Officer) took plaintiff to the police station, where he was held for several hours. His hands were cuffed tightly behind his back, which caused him to lose circulation in his hands and arms. Plaintiff was arraigned on multiple charges, including bribery and criminal possession of a weapon and was remanded to custody. He was released on May 27, 2016.

Plaintiff was later incarcerated on an unrelated offense.

On October 3, 2016, a grand jury indicted plaintiff on other charges related to the May 24, 2016 incident. In the grand jury and subsequent proceedings, however, the arresting officers gave testimony that was later found to be inconsistent or untrue. In August 2018, the presiding judge granted plaintiff's suppression motion, and the indictment was dismissed in September 2018.

Plaintiff filed a notice of claim with the Office of the New York City Comptroller, in which he alleged: "Police Misconduct, Abuse of Authority, Conspiracy to Violate Due Process, Sham Prosecution, False Arrest, Malicious Prosecution, Fraud, Filing False Affidavit, Perjury, Failure to Properly Investigate, Train, Policy Consideration in Arrest Procedure & Prosecution, Brady Violations under 4th, 5th, and 14th Amendments of the United States Constitution." The Notice of Claim named the New York City Police Commissioner, Deputy Commissioner, and Supervising Lieutenant as witnesses, along with Officers Ryan Giuffre, Thomas Rodriguez, John

Bartak, Bias Colon, Kevin Hutchinson, and John Doe as witnesses, but does not describe the role each of these individuals played in the incident.

Plaintiff seeks $1 million in damages and requests that Officers Luis and Giuffre be charged with perjury. He also requests the appointment of *pro bono* counsel.

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court must review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and must dismiss it if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." See also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under § 1915A, *sua sponte* dismissal is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court must dismiss an *in forma pauperis* action if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court must construe *pro se* pleadings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)), and interpret them "to raise the strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal citation omitted). But a *pro se* complaint must still plead enough facts to state a claim for relief that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). Although

"detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

In addition, under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must include a short, plain statement of claim against each named defendant so that they have adequate notice of the claims. See Iqbal, 556 U.S. 678. The complaint must include enough facts to allow each defendant to have a fair understanding about what the plaintiff is complaining and to know whether there is a legal basis for recovery. See Twombly v. Bell, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

Here, plaintiff's claims for monetary damages arise under § 1983. To maintain an action under § 1983, a plaintiff must allege that the conduct was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). However, "vicarious liability is inapplicable to . . . § 1983 suits," so a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Plaintiff names three unnamed supervisory officials and six individual officers as proposed witnesses in his New York City Notice of Claim. Some of these individuals are also named as defendants in this action. However, apart from Ryan Giuffre, Marvin Luis, and John

4

Doe (Transportation Officer), these individuals are not named elsewhere in the complaint and are not alleged to have taken any specific actions in violation of plaintiff's civil rights. Accordingly, the claims against the Police Commissioner, the Deputy Commissioner, the Supervising Lieutenant, Thomas Rodriguez, John Bartek, Bias Colon, and Kevin Hutchinson are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii).

The claims against Giuffre, Luis, and the John Doe Officer who transported plaintiff to the police station may proceed. Pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the Court directs Corporation Counsel for the City of New York to attempt to identify and ascertain the full name of the John Doe officer who transported plaintiff on May 24, 2016.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. The claims against the Police Commissioner, the Deputy Commissioner, the Supervising Lieutenant, Thomas Rodriguez, John Bartek, Bias Colon, and Kevin Hutchinson are dismissed for failure to state a claim. No summonses shall issue against these defendants.

Plaintiff's claims shall proceed against Officers Giuffre and Luis and the John Doe Transportation Officer. The Court directs the Clerk of Court to issue summonses against Officers Giuffre and Luis and directs the United States Marshals Service to serve the summonses and complaint on them.

The Clerk shall mail a copy of this order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe Officer under Valentin, 121 F.3d 72, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information and to issue a summons against the officer. The United

States Marshals Service is directed to serve that defendant once identified. The Court refers this matter to Magistrate Judge Steven Tiscione for pretrial supervision.

The Court has considered plaintiff's request for the appointment of *pro bono* counsel and finds that the complaint does not establish the threshold requirement that plaintiff's claim is "likely to be of substance" at this juncture. See Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 204 (2d Cir. 2003). Accordingly, plaintiff's motion for the appointment of *pro bono* counsel is denied, without prejudice to renewal at a later date.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
December 23, 2018