**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

HENRY BANNISTER,

                      Plaintiff,

  -against-

DETECTIVE MARVIN LUIS, RYAN GIUFFRE,
POLICE OFFICER JOSEPH GIANNINA

                      Defendant.
-------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

18-CV-7285 (EK) (ST)

**TISCIONE, United States Magistrate Judge:**

## INTRODUCTION

Defendants bring this second motion for summary judgment on Plaintiff's remaining claims after I recommended, in my previous Report and Recommendation issued in this case, that the Court find Plaintiff's complaint alleged additional claims which Defendants had not yet briefed the Court on.  Plaintiff, proceeding *pro se* in this action, once again did not file any opposition to Defendants' motion despite receiving proper notice under E.D.N.Y. Local Rule 56.2.  For the reasons contained herein, I recommend Defendants' motion be GRANTED, that summary judgment be granted to Defendants on all remaining claims except Plaintiff's § 1983 claims for an unlawful stop and unlawful searches, and that those claims be deemed abandoned.

## BACKGROUND

The parties' familiarity with the underlying facts of this action is presumed as they are detailed in the first Report and Recommendation. *See* R&R, ECF No. 49.

In my first R&R, I recommended Defendant Giannina be granted summary judgment on all claims, leaving Detective Luis and Officer Giuffre as the only remaining Defendants in the action.  I recommended they be granted summary judgment on all Plaintiff's claims against them

with the exception of § 1983 claims for unlawful searches and an unlawful seizure, § 1983 claims for excessive force based on tight handcuffing, and state law malicious prosecution claims. *Id.,* 17.

Defendants seek summary judgment on the excessive force claims alleging Plaintiff has not shown he suffered any injury nor that he alerted either of the Defendants as to his handcuffs, and additionally because any force used was reasonable. Def. Br., 1, ECF No. 51-5. Defendants seek summary judgment on the state law malicious prosecution claims on the basis of probable cause. *Id.* at 1-2. Defendants also request that the Court deem Plaintiff's remaining claims abandoned as he has failed to oppose Defendants' summary judgment motion for the second time. Def. Rpl. Ltr., ECF No. 51-6.

## LEGAL STANDARD

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is material if the fact "might affect the outcome of the suit under the governing law…" *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists as to a material fact when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On motions for summary judgment, the moving party bears the initial burden of establishing the absence of a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party meets that burden, the non-moving party must then show there is a genuine dispute for trial. *Id.* The burdens on both parties as to the underlying elements are aligned as they would be at trial. *Anderson,* 477 U.S. at 254.

When considering a motion for summary judgment, the Court must construe "all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

Because Plaintiff is proceeding *pro se*, the Court affords "special solicitude" to him when considering a motion for summary judgment. *See Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). This "special solicitude" includes reading the filings of a *pro se* litigant "liberally" and interpreting them to "raise the strongest arguments that they suggest." *Minus v. City of New York*, 488 F. Supp. 3d 58, 63 (S.D.N.Y. 2020) (citing *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). However, a nonmoving *pro se* plaintiff cannot rely solely upon the pleadings to defeat summary judgment and must point to specific evidence in the record to carry his burden in summary judgment. *See Salahuddin v. Goord*, 467 F.3d 263, 273 (2d Cir. 2006). Where the nonmovant bears the burden at trial, the movant may make a prima facie case for summary judgment by either identifying sufficient evidence to negate the nonmovants claims or identifying evidentiary insufficiencies in Plaintiff's case that demonstrate the absence of a genuine issue of material fact. *Id.* at 272-73 (citing *Celotex,* 477 U.S. at 323); *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988).

A party's failure to respond to contentions raised in a motion to dismiss or a motion for summary judgment generally constitutes abandonment of those claims. *Laface v. Eastern Suffolk BOCES,* 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018). However, where the silent party is *pro se*, abandonment is only generally granted where an intention has been expressed to abandon the claim. *See Omosefunmi v. Weiss*, No. 99-0025, 1999 U.S. App. LEXIS 25093 at *4 (2d Cir. Sep.

3

30, 1999). Ultimately the question of abandonment is "one of intent." *Austin v. Ford Models, Inc.,* 149 F.3d 148, 155 (2d Cir. 1998).

## DISCUSSION

I.  **Defendants Are Entitled to Summary Judgment on Plaintiff's Excessive Force Claims**

Plaintiff's excessive force claims derive from handcuffing that occurred when he was at the police station. In his complaint, Plaintiff alleges that, after completing booking procedures, his hands were tightly handcuffed behind his back. Pl. Compl., 18, ECF No. 1. He says, due to his prostheses, he struggled to climb a set of steep stairs at the precinct and had to be led up and down them by the handcuffs. *Id.* He claims he was then placed in a cell still in the handcuffs, that the handcuffs were so tight they cut off his circulation, and that he was left in them for hours before they were removed. *Id.*

The Fourth Amendment of the U.S. Constitution prohibits the use of unreasonable force by a police officer when conducting an arrest. *Graham v. Connor,* 490 U.S. 386, 395 (1989). The inquiry of whether the amount of force used is reasonable is an objective test, requiring close analysis of the specific facts and a balancing of Plaintiff's Fourth Amendment interests against countervailing government interests. *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010). There are three factors courts in this Circuit consider when evaluating the reasonableness of handcuffing: (1) whether the handcuffs were unreasonably tight; (2) whether the defendants ignored the Plaintiff's complaints that the handcuffs were too tight; and (3) the degree of injury. *Lynch v. City of Mt. Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008) (quoting *Esmont v. City of New York,* 371 F. Supp. 2d 202, 215 (E.D.N.Y. 2005)).

"In the Second Circuit, plaintiffs face a high threshold for excessive force claims based on tight handcuffs." *Harris v. Nassau Cnty.,* No. 13-CV-4728, 2016 U.S. Dist. LEXIS 68136,

4

\*29 (E.D.N.Y. May 23, 2016) (collecting cases).  This is because the analysis often turns on the third factor, the degree of injury, and for this factor to weigh in favor of the plaintiff the injury must be a lasting one: "There is consensus among courts in this circuit that tight handcuffing does not constitute excessive force unless it causes some injury beyond temporary discomfort." *Lynch*, 567 F. Supp. 2d at 468 (collecting cases).  Temporary discomfort has been held to include "temporary swelling, inflammation, or soreness of an arrestee's wrists." *Washpon v. Parr,* 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008) (collecting cases).

    Defendants move for summary judgment on these claims because they argue: (1) Plaintiff did not suffer any physical injuries; (2) Plaintiff did not put the individual Defendants in this action on notice that his handcuffs were too tight; and (3) any use of force was reasonable. Def. Br., 5-6.  They have also submitted the portions of Plaintiff's deposition testimony where he discusses his handcuffing as evidence that Plaintiff cannot carry his burden on his claims. *See* Bannister Dep., ECF No. 51-4.

    While Plaintiff did testify in his deposition that the handcuffs were "too tight," (Bannister Dep., 54) he also testified that he never told either of the Defendants that.  When asked, "…[I]t's correct to say that you didn't complain to Officer Luis specifically about your handcuffs being too tight?" he responded "Yes." *Id.* at 57.  And when that question was followed up with "And the same goes for Officer Giuffre…who was the other defendant in this lawsuit?" he responded, "I never seen them." *Id.* at 57:20-23.  Plaintiff only testified that he "complained to the officers walking by," not to the Defendants in this lawsuit. *Id.* at 49.  Given that Plaintiff himself swore that he did not alert either Defendant to the fact that his handcuffs were too tight, that factor weighs towards reasonableness.

5

Additionally, Plaintiff's injuries, even if the Court accepts his descriptions of them as true, do not rise beyond the level of "temporary discomfort" as necessary to sustain a tight handcuffing claim. Plaintiff testified to a loss of circulation ("by the time they took my—took the cuffs off my hands, I couldn't feel my hands") and swelling of his hands and wrists ("My hands was – my hands like mittens by then…They looked like baseball gloves, no circulation. They swole up."). *Id.* at 48; 55. He does not allege any further injuries in his complaint, has not submitted to the court any evidence of any other injuries, and when asked in his deposition, "Did you suffer any other injuries in connection with this incident?" he responded, "No. No." *Id.* at 73. Thus, this factor also favors reasonableness.

The uncontroverted evidence which includes Plaintiff's own sworn statements shows that he never informed the remaining Defendants in this action that his handcuffs were too tight and he did not suffer any injuries beyond temporary discomfort. Thus, even accepting Plaintiff's sworn testimony as true, no reasonable jury could find the handcuffing of Plaintiff was excessive force, and summary judgment should be granted to Defendants.

## II. Defendants Are Entitled to Summary Judgment on Plaintiff's State Law Malicious Prosecution Claims

In my previous Report & Recommendation, I found that all Plaintiff's state law claims were barred by the applicable statute of limitations, with the exception of Plaintiff's state law malicious prosecution claims. R&R, 14-16. Defendants argue, however, that they are entitled to summary judgment on Plaintiff's state law malicious prosecution claims because there was probable cause for Plaintiff's arrest and subsequent prosecution. Def. Br., 9.

For a Plaintiff to prevail on a New York State malicious prosecution claim, he must show: (1) Defendants initiated a prosecution against Plaintiff; (2) They did so without probable cause to believe the proceeding can succeed; (3) The proceeding was begun with malice; and (4)

The matter was terminated in Plaintiff's favor. *Azeez v. City of New York,* 790 Fed. Appx. 270, 273 (2d Cir. 2019) (quoting *Rentas v. Ruffin,* 816 F. 3d 214, 220 (2d Cir. 2016)).

 Defendants arrested Plaintiff and, to prevail on summary judgment, must therefore show Plaintiff cannot reasonably establish that that arrest and Plaintiff's subsequent prosecution were performed without probable cause to believe the prosecution would succeed. Defendants, in their first summary judgment motion submitted evidence which included evidence that a loaded gun was found in Plaintiff's car. *See Def. R. 56.1 Br.,* ¶ 2, ECF No. 47-2. In New York State, a person is guilty of criminal possession of a weapon in the second degree if he or she possesses a loaded firearm and does not have a license to possess such a firearm. *See* N.Y. Penal Law §265.03. Under New York law, the existence of a firearm in an automobile creates a permissive presumption that all occupants of the vehicle have common constructive possession of the firearm, absent statutory exceptions, none of which apply in this case. *See* N.Y. Penal Law § 265.15(3).

 Plaintiff has not presented any evidence to the Court that he did possess a license for the loaded gun found in the car, nor that he provided that information to the Defendants. After Plaintiff's arrest, DNA found on the gun was tested and it was found with near certainty that Plaintiff's DNA was on the "slide grip grooves, slide lock level and safety." *See* Bannister Dep.; D.N.A. Rep., ECF No. 47-9. Based on the evidence in the record, therefore, Defendants had probable cause upon arresting Plaintiff and during his subsequent prosecution to believe that a proceeding against him for criminal possession of a firearm would succeed, and no reasonable jury could find otherwise.

 Thus, I recommend summary judgment be granted to Defendants on Plaintiff's state law malicious prosecution claim.

### III. Plaintiff's § 1983 Claims for Unlawful Searches and an Unlawful Stop Should Be Deemed Abandoned

Defendants request that Plaintiff's remaining claims, at this point only § 1983 claims for an unlawful stop and unlawful searches, be deemed abandoned. *See* Def. Rpl. Ltr.  In the first summary judgment motion, Defendants made the same request, though I recommended the Court not do so at that time because Plaintiff, proceeding *pro se* and entitled to special solicitude, had not affirmatively expressed an intent to abandon his claims and merely declined to respond to the first summary judgment motion. *See* R&R, 7.

However, because Plaintiff has once again failed to respond or provide any documentation to the Court in support of any of his claims, I recommend his remaining claims be deemed abandoned.  Upon the filing of this second summary judgment motion, Plaintiff was informed for the second time that his claims may dismissed without trial if he did not respond to the motion, and that he could not rely just upon the allegations in his complaint. *See* ECF No. 51-1.  Defendants' counsel asserts that he "repeatedly attempted to contact Plaintiff via e-mail and telephone" to no avail. Def. Repl. Ltr.  And, Plaintiff has yet to brief the Court or communicate in any way with the Court on either the first or second summary judgment motion.

While in this Circuit "we are less demanding of [*pro se*] litigants generally, particularly where motions for summary judgment are concerned," (*Jackson v. Fed. Express,* 766 F. 3d 189, 195 (2d Cir. 2014)), there is a limit to such special solicitude, and the circumstances in this case of Plaintiff's repeated refusal to defend his claims despite multiple notices that they may be dismissed is an indication of intent to abandon them.

Therefore, I recommend the Court deem these claims abandoned.

## CONCLUSION

For the reasons contained herein, I recommend Defendants' motion for summary judgment be GRANTED.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                    /s/
                                           Steven L. Tiscione
                                           United States Magistrate Judge
                                           Eastern District of New York

Dated: Central Islip, New York
       October 26, 2022