```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  HENRY BANNISTER,

                    Plaintiff,              MEMORANDUM & ORDER
                                             18-CV-7285(EK)(ST)
         -against-

  DETECTIVE MARVIN LUIS et al.,

                    Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        The Court has received two Reports and Recommendations from Magistrate Judge Tiscione in this case, dated February 16, 2022 and October 28, 2022. Report & Recommendation ("1st R&R"), ECF No. 49; Report & Recommendation ("2d R&R"), ECF No. 52. In his first R&R, Judge Tiscione recommended that Defendants be granted summary judgment on Bannister's claims of false arrest and malicious prosecution. 1st R&R 7-11. He also recommended that Bannister's Complaint be construed as asserting claims for illegal stop and seizure and excessive force. *Id.* at 11-14. Given that the defense had not addressed those claims, Judge Tiscione received additional briefing, 1st R&R 13, following which he issued the second R&R. In the second R&R, Judge Tiscione recommended that Defendants be granted summary judgment on these latter claims as well. 2d R&R 4-6, 8.

Neither party has filed objections to either R&R, and the time to do so has expired. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013). Moreover, Bannister submitted no initial opposition to Defendants' summary-judgment motions, no Rule 56.1 statement, no response to either R&R, and no other filing in connection with these motions. Having reviewed the record, I agree with the R&Rs' conclusions and grant summary judgment to the Defendants on all claims.

## I. Background

Judge Tiscione sets forth a factual summary of the case in his first R&R, which is incorporated herein by reference. 1st R&R 1-5. I adopt the factual and procedural recitations in the R&Rs in full; their reasoning except as expressly set forth below; and I adopt the R&Rs' conclusions in their entirety. Familiarity with both R&Rs is assumed.

## II. Discussion

As noted, Judge Tiscione addressed four claims under 42 U.S.C. § 1983: (1) false arrest; (2) malicious prosecution; (3) excessive force; and (4) illegal stop and seizure. 1st R&R 6. He also construes the Complaint as raising a number of potential state-law claims. *Id.* at 14-16. As Judge Tiscione noted, the only state-law claim that is not time-barred is a

2

claim for malicious prosecution. 2d R&R 6. I discuss each federal claim, as well as Bannister's state-law malicious-prosecution claim, below.

**A. Excessive-Force and Illegal-Stop-and-Seizure Claims**

I find no clear error in Judge Tiscione's analysis of the excessive-force or illegal-stop-and-seizure claims. I therefore adopt those portions of the R&R in their entirety and grant Defendants summary judgment on those claims.

**B. False-Arrest Claim**

I agree with the R&Rs' analysis of the false-arrest claim and adopt their reasoning in full. I add two observations in support of the conclusion that the false-arrest claim must be dismissed.

First, in making his probable-cause determination, Judge Tiscione applied New York's "presumption of possession," which permits — but does not require — the inference that "all occupants" of a vehicle in which a firearm is discovered "have common constructive possession" of it. See 1st R&R 7-8 (citing N.Y. Penal Law § 265.15(3)). This New York law has a long history in federal litigation: the Second Circuit found it unconstitutional on its face in 1977, but the Supreme Court reversed that holding. See Cnty. Ct. of Ulster Cnty., N.Y. v.

*Allen*, 442 U.S. 140, 142 (1979).[1]  In doing so, the Court held that the presumption could be constitutionally applied when "there is a rational connection between the *basic facts* that the prosecution proved" — *i.e.* the location of the weapon in relation to a vehicle's occupants, and other circumstances — "and the *ultimate fact* presumed" — *i.e.* common possession.  *Id.* at 165 (emphasis added).  The party seeking to apply the presumption must demonstrate that "the latter is more likely than not to flow from the former."  *Id.* at 165.

Though the R&Rs do not explicitly assess the rational connection here, it does exist.  At the time he was arrested, Bannister was sitting in the driver's seat of the vehicle; another man was in the passenger's seat.  1st R&R 1-2.  The firearm was located in the center console of the vehicle, essentially equidistant between the two occupants.  *Id.* at 2.  No one else was present in the car.  *See id.*[2]

Moreover, the *Allen* majority's reasoning applies with even more force here.  If the presumption may, in proper circumstances, be relied upon by a jury charged with finding

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] As Judge Tiscione notes, the Plaintiff's DNA was recovered from the firearm, but that recovery of course occurred substantially after the challenged arrest.  Defs.' 56.1 Statement ¶¶ 4-5, ECF No. 47-2; State Court Compl. 2, ECF No. 47-8; Laboratory Report 1, ECF No. 47-9.

guilt beyond a reasonable doubt, then a police officer assessing probable cause may surely be justified in finding *probable cause* based on the same logic. At least one federal court has applied the presumption in the probable-cause context. *See Matthews v. City of New York*, 889 F. Supp. 2d 418, 437 (E.D.N.Y. 2012) (collecting New York state cases relying on the presumption for probable-cause findings).

Accordingly, I grant Defendants summary judgment on Bannister's false-arrest claim.

**C.   Malicious Prosecution Claims**

Judge Tiscione construed Bannister's Complaint as asserting federal and state malicious-prosecution claims with respect to the weapons charges and the bribery charges on which he was prosecuted. (For ease of analysis, I will refer to these claims as the "weapons-arrest claims" and the "bribery-arrest claims," respectively.) He recommends that the state and federal weapons-arrest claims be dismissed because probable cause existed for both sets of charges. 1st R&R 9 (federal); 2d R&R 7 (state). He also recommends that the federal weapons-arrest and bribery-arrest claims be dismissed because Bannister has failed to adduce sufficient evidence that his prosecution ended with a favorable termination. 1st R&R 9-11. (The R&Rs do not, however, explain why the state bribery-arrest claim should be dismissed.)

5

Although I agree that all these claims are subject to dismissal, I order dismissal for different reasons than the R&Rs recommend.

1. The R&Rs' Favorable-Termination Analysis Has Been Superseded by the Supreme Court

In recommending dismissal of Bannister's federal weapons-arrest and bribery-arrest claims, Judge Tiscione relied on the lack of a favorable termination. 1st R&R 9-11 (citing *Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018)). As the R&R recognized, at the time of its issuance, Second Circuit law required that for purposes of Section 1983 malicious-prosecution claims, a favorable termination exists only where the disposition of a plaintiff's case shows "affirmative indications of [his] innocence." *Lanning*, 908 F.3d at 25.

But two months after that R&R was issued, the Supreme Court abrogated that rule in *Thompson v. Clark*, 142 S. Ct. 1332 (2022): "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Id.* at 1335. That new rule applies to this case. As the Supreme Court has explained:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling

6

> interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

*Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993).

Accordingly, because of the intervening change in law, the lack of a favorable termination is no longer a basis on which summary judgment may be granted against Bannister on his federal malicious-prosecution claims.

2. Probable Cause to Prosecute Existed for the Weapons Charges, Though Not for the Reasons Stated in the R&Rs

Nevertheless, the federal and state weapons-arrest claims must still be dismissed on the basis that there was sufficient probable cause to initiate that prosecution. However, the R&Rs' probable-cause analysis is incorrect with respect to these claims.

As the R&Rs recognized, "a plaintiff cannot establish a malicious prosecution claim if there was probable cause for the prosecution." *Danielak v. City of New York*, No. 02-CV-2349, 2005 WL 2347095, at *10 (E.D.N.Y. Sept. 26, 2005) (Matsumoto, M.J.) (Section 1983 context), *aff'd,* 209 F. App'x 55 (2d Cir. 2006); *see also Lowth v. Town of Cheektowaga*, 82 F.3d 563, 571 (2d Cir. 1996), *as amended* (May 21, 1996) (same, under New York law). But "the existence of probable cause in a malicious prosecution suit is determined as of the time prosecution is commenced." *Tuccillo v. County of Nassau*, 723 F. App'x 81, 82

7

(2d Cir. 2018); *see also Danielak*, 2005 WL 2347095, at *10 ("[A] claim for malicious prosecution must be evaluated in light of the facts known or believed at the time the prosecution is initiated.").

Both R&Rs assert that probable cause for the prosecution existed because Bannister's DNA was identified on the firearm located by the police officers. 1st R&R 9 (federal claim); 2d R&R 7 (state claim). But the Defendants' summary-judgment papers indicate that the criminal complaint was filed on May 25, 2016, while the DNA testing report was dated April 19, 2017, nearly a year later. Defs.' 56.1 Statement ¶¶ 4-5, ECF No. 47-2; State Court Compl. 2, ECF No. 47-8; Laboratory Report 1, ECF No. 47-9. Thus, the DNA evidence was not available to the officers at the time the prosecution was "commenced" and therefore could not have been a valid basis for probable cause. *Tuccillo*, 723 F. App'x at 82.

Nevertheless, probable cause to commence the firearms prosecution remained for the same reasons there was probable cause to arrest Bannister — namely, Bannister's position in the driver's seat; the firearm's location in the center console, within his easy reach; and the rational inference of (at least) common possession flowing therefrom. *See supra* section II.B; 1st R&R 7-8. "If probable cause existed at the time of arrest, it continues to exist at the time of prosecution unless

8

undermined "by the discovery of some intervening fact." *Johnson v. Constantellis*, 221 F. App'x 48, 50 (2d Cir. 2007); *see also Lowth*, 82 F.3d at 571 (probable cause "present at the time of the arrest" could still "dissipate" if "the groundless nature of the charges [are] made apparent by the discovery of some intervening fact"). But Bannister has not pointed to any such intervening facts here.

Moreover, in his Complaint, Bannister asserted that he had been indicted for firearms possession. Compl. 19. That indictment gave rise to a presumption of probable cause that Bannister has not rebutted. "[U]nder New York law, indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (reversing district court's denial of summary judgment where plaintiff failed to produce such evidence). In other words, "for a plaintiff to succeed in a malicious prosecution claim after having been indicted," he must produce "evidence establishing that the police witnesses have not made a complete and full statement of the facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." *Rothstein v.*

9

*Carriere*, 373 F.3d 275, 283 (2d Cir. 2004); *see also Colon v. City of New York*, 455 N.E.2d 1248, 1250 (N.Y. 1983). Bannister has not produced any such evidence and, thus, has not overcome this presumption.

Thus, the weapons-arrest claims must be dismissed.

### 3. Probable Cause to Prosecute Also Existed for the Bribery Charges

The R&R recommends dismissal of the federal bribery-arrest claims for the sole reason that Bannister failed to establish favorable termination. 1st R&R 11 ("[H]e provides no details on the circumstances under which the bribery charges were dismissed, let alone an allegation that the circumstances were indicative of his innocence."). As discussed, that is no longer a valid basis for dismissal.

Nevertheless, there remains "a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2009). Here, that essential element is the lack of probable cause, and the lack of evidence in support of that element entitles Defendants to summary judgment.

Here, Bannister declined to file any response to any of Defendants' summary-judgment papers at all; he therefore has adduced no evidence in support of his claim. On the contrary, as Judge Tiscione observed, the record contains evidence showing

10

that Bannister "told Officer Luis he did not have to bring him in for the gun and that *Officer Luis could keep* what was in the car." 1st R&R 3 (emphasis added). This uncontested evidence supports the conclusion that the officers had probable cause to arrest Bannister for bribery.

Thus, Defendants are entitled to summary judgment on Bannister's federal and state malicious-prosecution claims.

### III. Conclusion

For these reasons, I adopt the R&Rs in part, specifically, with the addition of the above discussion and with the following modifications:

- In the first R&R, delete the portion of section I.b starting with the sentence that begins with "Even if Plaintiff does plead facts that give rise to malice . . . ." 1st R&R 9–11.

- In the second R&R, Part II, delete the sentence beginning with "After Plaintiff's arrest, DNA found on the gun," as well as the citation that immediately follows. 2d R&R 7.

- In the sentence that follows, replace "during his subsequent prosecution" with "at the time his subsequent prosecution was initiated." *Id.*

Furthermore, for the foregoing reasons, Defendants are granted summary judgment on all claims. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants,

11

to mail a copy of this Order to Bannister, and to close this case.

        SO ORDERED.

                                      /s/ Eric Komitee  
                                      ERIC KOMITEE  
                                      United States District Judge

Dated:    March 2, 2023  
            Brooklyn, New York